■ METROPOLITAN ELECTRONIC TELEVISION SERVICE DEALERS ASSOCIATION, and All Others Similarly Situated, Appellant, v ELINOR GUGGENHEIMER, as Commissioner of Department of Consumer Affairs of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered August 26, 1975, denying plaintiff's motion for a preliminary injunction and granting defendant's motion for summary judgment, declaring New York City Local Law No. 74 of 1973 to be valid, unanimously affirmed, with $60 costs and disbursements to respondents. Local Law No. 74 (Administrative Code of City of New York, § B32-465.0 *et seq.)* requires those

engaged in the business of servicing television or radio receiving apparatus and audio equipment within the City of New York to describe the proposed work in advance, including parts supplied, charges for parts and labor. The Commissioner of Consumer Affairs was authorized to promulgate regulations necessary to enforce this legislation (Administrative Code, § B32-473.0). The regulations promulgated require that the customer be provided with a written estimate which the customer must sign, which signature represents written authorization to repair at the written estimate price. In certain instances, the requirement of a written estimate is waived. The total charges are allowed to exceed the written estimate by no more than 20% without the additional consent of the customer. Impossibility of providing written estimates or of obtaining the requisite insurance coverage pursuant to the new regulations has not been factually shown, and the court need not and cannot speculate on these points. Suffice it to say that, as we noted previously, the regulations do cover instances where written estimates are not required and further allow for a 20% margin of error in making the estimate. Should insurance be impossible to obtain, a justiciable issue may then spring to life. Lastly, while we note that the regulations do impair the freedom of contract, the Supreme Court of the United States has stated: "The Constitution's protection of property rights does not make a state or a city impotent to guard its citizens against the annoyances of life because the regulation may restrict the manner of doing a legitimate business. * * * we think that even a legitimate occupation may be restricted or prohibited in the public interest. * * * The problem is legislative where there are reasonable bases for legislative action." *(Breard v Alexandria,* 341 US 622, 632–633.) Accordingly, we have affirmed. Concur—Stevens, P. J., Kupferman, Birns, Capozzoli and Lane, JJ.